## SAMUEL LINCOLN

*v.*

## SYLVANUS JUDD and GEORGE C. BUCKINGHAM.

Courts of equity ordinarily act in obedience and in analogy to the statute of limitations, but they will not allow the bar of that statute to prevail where it would further manifest injustice, hence it is a well-settled rule in equity that in cases of fraud the time limited within which the action must be brought will not commence to run until the discovery of the fraud, or until the complainant was in a situation where, by the exercise of reasonable diligence, he would have discovered the fraud.

On demurrer to bill.

*Mr. Gilbert Collins,* for the demurrants.

*Mr. Charles H. Voorhis,* for the complainant.

Lincoln *v.* Judd.

THE CHANCELLOR.

The bill alleges that, upon thirty-seven different occasions. during the year 1880, the complainant shipped to the defendants, who were cattle dealers, large numbers of sheep, upon an agreement that the defendants would sell them for him, and would pay him the proceeds of sale, after deducting therefrom fifteen cents for each sheep sold, and the freightage they should pay for the transportation of the sheep. It also alleges that the defendants sold the sheep and remitted to the complainant the proceeds of their several sales, less the agreed charges for selling and moneys they claimed to have paid for freightage for the sheep, and, also, that the amounts so claimed by the defendants to have been paid for freightage and retained by them were grossly in excess of the amounts which they did actually pay for such freightage. Also, that the complainant accepted the payments made to him by the defendants, in confidence that they were dealing honestly with him, and that it is only lately that he has discovered the defendants' fraudulent practices with reference to the freightage.

The bill asks a discovery of the actual payments for freightage and an accounting of the moneys fraudulently withheld.

The bill does not allege the times when the sheep were sold, nor the times when the defendants' fraudulent practices were discovered.

The defendants demur, because they claim that more than six years have elapsed since the complainant's right of action accrued, and because the complainant has adequate remedy at law.

The demurrer rests entirely upon the allegations of the bill, which, for the purpose of the determination of the questions now presented, are to be taken as true. They are silent as to the times when the sales were made, and the accountings between the defendants and complainant were had, and consequently it does not appear that the right of action accrued more than six years ago.

But, if it be assumed that such pertinent fact does appear, the allegation that the complainant has only lately discovered that.

he has been defrauded of that for which he now sues becomes a potent factor.

Courts of equity ordinarily act in obedience and in analogy to the statute of limitations, but they will not allow the bar of that statute to prevail where it would further manifest injustice, hence it is a well-settled rule in equity that in cases of fraud the time limited within which the action must be brought will not commence to run until the discovery of the fraud, or until the complainant was in a situation where, by the exercise of reasonable diligence, he would have discovered the fraud. *Todd* v. *Rafferty's Admrs.*, *3 Stew. Eq. 254, 258; S. C. on appeal, 7 Stew. Eq. 552; Freeholders of Somerset* v. *Veghte, 15 Vr. 509, 511; Somerset Bank* v. *Veghte, 15 Stew. Eq. 39, 41; 2 Story Eq. Jur. §§ 1520, 1521.*

It is true the complainant does not allege that he has discovered the fraud within six years. Such discovery is indefinitely alleged. The demurrer, however, cannot derive support from an indefinite allegation. It rests upon that which distinctly and clearly appears; that which affirmatively exhibits the defect seized upon. To support the demurrer here, it must affirmatively appear that the complainant has allowed six years to pass from the time when he first could have had redress in this court.

It does not appear that lapse of time will bar this suit.

In the case of *Freeholders of Somerset* v. *Veghte, supra*, it is held that fraudulent concealment of a right of action cannot avail, at law, against the statute of limitations, and that by that decision it is made apparent, upon the assumption that the complainant's right of action accrued more than six years ago, that he is now without redress at law.

It is unquestionably clear that this court has jurisdirtion over the matter here in suit. The complainant has been fraudulently dealt with in accounts that have been settled, and because of the fraud in those accounts they are to be opened and examined. The court's jurisdiction is too plain to admit of question or to require citation of authority. If a court of law had jurisdiction in this matter it was concurrent with the undoubted jurisdiction of this court, and the fact of such jurisdiction in it would not

have ousted this court of its right to deal with the matter in dispute.

No other causes of demurrer have been specified.

The demurrer will be overruled.